WILLIAM MURDOCK, Plaintiff in Error,

*vs.*

BYRON KILBOURN, Defendant in Error.

ERROR TO THE ROCK CIRCUIT COURT.

A wager upon the event of a public election is contrary to public policy, illegal and void.

No action lies by a party to an illegal wager, against the stakeholder, to recover back the money deposited on the wager.

The parties to the contract of wager in such case, as well as the person who assists in carrying their unlawful purpose into execution, by acting as stakeholder, are *in pari delicto*, and courts will not interfere in favor of either.

The plaintiff in error brought an action of assumpsit against the defendant in error before a police justice in the city of Janesville, wherein he declared " on all the common counts in " assumpsit for money had and received by defendant to plain- "tiff's use, to his damage one hundred dollars." To which declaration the defendant pleaded the general issue.

Upon trial had, said justice rendered judgment in favor of the plaintiff for $50.00 and costs, from which the defendant appealed to the circuit court of Rock county, and at the November term, 1856, the cause was tried before a jury, when the plaintiff called H. O. Wilson, who testified that he was present when a bet was made between the plaintiff and Gabriel Shoyer, at Milwaukee. The bet was made on the 13th day of November, 1855, after the gubernatorial election of that year had been held ; the bet was fifty dollars a side, and the money was placed in the hands of the defendant, as stakeholder, who made a memorandum thereof in writing, which was signed by Murdock and Shoyer. Defendant's counsel objected to any further parol testimony being given in relation to the bet, which objection was sustained by the

court, and the plaintiff then produced the memorandum in evidence, which was as follows:

"This is to certify that we, William Murdock and Gabriel "Shoyer, have deposited each fifty dollars with Byron Kil- "bourn, a stakeholder, on a wager dependent on the result of "the gubernatorial election: Murdock that Barstow is elected, "and Shoyer that Bashford is elected. The above to be deliv- "ered to the winning party.  November 13, 1855.

[Signed]                    "WM. MURDOCK,
                              "GABRIEL SHOYER."

The memorandum is in the hand writing of Byron Kilbourn. The counsel for the plaintiff then offered to prove that the bet was made on the *certificate*, or that the candidate who received the certificate of election from the board of state canvassers should be considered the person elected, as far as the bet was concerned.  The counsel for the defendant objected, and the court sustained the objection.  To which decision the plaintiff excepted.

The plaintiff then offered to prove that the whole of the agreement and understanding between Murdock and Shoyer in relation to the bet was not reduced to writing.  The defendant objected and the court sustained the objection; and to this decision also the plaintiff excepted.

The plaintiff offered to prove that William A. Barstow was regularly installed as governor after the election in 1855. This was ruled out by the court and the plaintiff excepted. Plaintiff also offered to prove that Barstow acted as governor, and resigned the office during the legislative session of 1856, which was also ruled out by the court, and the plaintiff excepted.

After the parties had rested, the plaintiff requested the court to charge the jury that as William A. Barstow acted as governor, they must presume that he was elected; also that they must take notice judicially of the election and official acts of the executive of the state.  The latter clause of which instruction the court gave to the jury, and refused the former. Whereupon the plaintiff excepted.

And the court charged the jury, "That the question whether "Barstow was elected, was *res judicata*, it having been decided "by the supreme court that Barstow usurped the office of "governor and acted without authority." To which charge the plaintiff excepted.

The jury found for the defendant, who had judgment; to reverse which this writ of error is brought.

*Case and Wickham*, for plaintiff in error.

*Niel and Gray*, for defendant in error.

*By the Court*, WHITON, C. J. We shall express no opinion upon the rulings of the judge in this case, because of an insurmountable objection to the plaintiff's recovery, arising from the testimony introduced by the plaintiff himself.

It appears that the plaintiff and one Shoyer made a wager upon the result of the election of Governor of this State, and deposited the money wagered in the hands of the defendant as a stakeholder. It appears further that the wager was made and the money deposited after the election had taken place, and while the result was undetermined. Upon this testimony we are satisfied that the plaintiff could not recover, even if the stakeholder had fraudulently appropriated the money to his own use.

There can be no doubt that upon general principles of public policy, the wager which the plaintiff and Shoyer made was unlawful. A most pernicious influence would be exerted upon our institutions of government, if the elections which the people make of their public officers should be made the instruments and the occasions of gaming. Hence, the courts of all our sister states have uniformly held such contracts to be contrary to the policy of our laws, and consequently illegal. We have been unable to find an instance in which they have been enforced, and the reason uniformly given why the courts will not enforce them, has been the one before stated.

This being the law upon the subject of the wager, as between the persons who made it, we must apply the same rule, as between them and the stakeholder. As there is no statute in this State which authorizes a recovery of the money deposited with the stakeholder, we must hold that those who deposit it with him in a case like the present are without remedy.

This seems clear from the following considerations. The plaintiff and Shoyer proposed to make an unlawful wager— one prohibited by law. To assist them in carrying their unlawful purpose into execution, they sought the aid of the defendant; he consented to assist them by acting as stakeholder. The deposit of the money by the plaintiff and Shoyer, and the reception of it by the defendant, were both unlawful acts, because those acts were performed by the parties for the purpose of carrying into effect the unlawful wager.

The transaction out of which the alleged indebtedness of the defendant arose being thus unlawful, and the plaintiff and defendant being equally guilty, we do not see how a court can interfere. The parties must be left where their own acts have placed them.